*Harlan & Harlan,* for Appellant.

---

LUCY PENDLETON'S ADMR. *v.* JOHN PENDLETON'S EXR.

**Antenuptial Contract — Construction.**

> John Pendleton in anticipation of marriage with Lucy Miller entered into an antenuptial contract with her in which he stipulates that " After she becomes his wife she may hire out her own slave, use the proceeds as she pleases, and that she shall have full power and control over her money and property and dispose of the same as she pleases:" *Held,* That the effect of that instrument is to place the title of the property therein named in his wife after their marriage, with all the rights and powers over same that she would have had if she remained unmarried, and upon her death it went to her personal representative.

APPEAL FROM TODD CIRCUIT COURT.

March 8, 1867.

OPINION OF THE COURT BY JUDGE PETERS:

The paper executed by Lucy Miller on the 3d of October, 1844, in anticipation of her marriage with John Pendleton, and which was shortly thereafter consummated, is in its character testamentary, and might, if properly probated, be effectual to pass the title to the property to the persons therein named. But the writing executed by John Pendleton on the same day is as alleged in the petition an antenuptial contract by which he stipulates that Lucy Miller after she becomes his wife may hire out her own slaves, use the proceeds as she pleased, and that she shall have full power and control over her money and property (which includes her slaves) and dispose of the same as she pleased.

The effect of that instrument is to place the title of the property therein named in his wife after their marriage, with all the rights and powers over the same that she would have had if she had re-

mained unmarried, and upon her death her personal representative had a right to reduce the property into his possession for the payment of debts and distribution.

Whether the paper executed by Lucy Miller be a testament in its character or not is not now material. It may never be probated as such, and until that is done it is of no validity. Wherefore, for the reasons suggested the demurrer to the petition was improperly sustained, and the judgment is, therefore, reversed, and the cause remanded with directions to overrule appellee's demurrer to the petition and for further proceedings in accordance herewith.

*Kennedy, Lindseys & Bullock & Davis*, for Appellant.

*Feland & Evans*, for Appellee.